**DAVIS, Admrx., Plaintiff-Appellant v. BUCKEYE LIGHT & POWER COMPANY, Defendant-Appellee.**

Ohio Appeals, Second District, Darke County.

No. 624.   Decided June 19, 1944.

Murphy & Staley, Greenville, for plaintiff-appellant.
Maher & Marshall, Greenville, for defendant-appellee.

**OPINION**

By BARNES, P. J.

The above entitled cause is now being determined as an

error proceeding by reason of plaintiff's appeal on questions of law from the judgment of the Court of Common Pleas of Darke County, Ohio.

The case was submitted in the trial court on defendant's general demurrer to plaintiff's reply. The demurrer was sustained and plaintiff not desiring to plead further, final judgment was entered and the petition dismissed at plaintiff's costs. This was the final order from which plaintiff presents his appeal.

The following brief statement of facts as presented in the pleadings is essential to a complete understanding of the factual questions and the manner in which the legal question was raised.

On July 25, 1941, plaintiff's decedent was riding in an automobile which collided with a car being driven by one Jarvis Ingle, at an intersection in Miami County, Ohio. In the southwest corner of the intersection, the defendant, The Buckeye Light & Power Company, had erected and maintained a large wooden pole and guy wire which constituted an encroachment upon the highway and incommoded the public and increased the hazard of travel at the intersection in question. The collision caused the cars which had collided to swerve to the southwest and the car in which plaintiff's decedent was riding ran into defendant's pole, throwing plaintiff's decedent out of the car and so injuring him that he died on the next day.

On January 30th, 1942, plaintiff, under authority granted by the Probate Court of Darke County, Ohio, settled her claim against Jarvis Ingle the driver of the other car for the wrongful causing of the death of plaintiff's decedent for $3250.00; such settlement was in full satisfaction of all claims and demands against Jarvis Ingle and the release given forever discharged him from all claims, demands, actions and causes of actions whatsoever including such as had arisen by reason of or in any manner growing out of the automobile collision occurring at the time and place and in the manner set out in the pleadings.

The release given to Jarvis Ingle did not reserve a right to plaintiff to sue The Buckeye Light and Power Company. Thereafter the plaintiff filed the instant action against the Buckeye Light and Power Company.

The only assignment of error made by the plaintiff is that the lower court erred in sustaining defendant's demurrer and dismissing plaintiff's petition. The contract of settlement between plaintiff and Jarvis Ingle as set out in plaintiff's reply is in the words and figures as follows:

"KNOW ALL MEN BY THESE PRESENTS, That, WHEREAS, Marie E. Davis, the duly appointed, qualified and acting Administratrix of the state of Harry J. Davis, deceased, late of Darke County, Ohio, having been so appointed by the Probate Court of Darke County, Ohio, in Cause No. 26033, has a claim for the wrongful causing of the death of the said Harry J. Davis, deceased, against one Jarvis Ingle, of Bradford, Ohio, arising out of an automobile collision occurring on the 25th day of July, 1941, in Miami County, Ohio, at a point one (1) mile east of the Darke and Miami County Line on Route No. 36, and one (1) mile south of Route No. 36; and,

WHEREAS, the said Marie E. Davis, as Administratrix, and the said Jarvis Ingle have agreed to compromise and settle said claim of all liability in the premises by the payment, to the said Marie E. Davis, as such Administratrix, of the sum of three thousand two hundred and fifty ($3,250.00) dollars, which said compromise and settlement has been consented to and approved by the Probate Court of Darke County, Ohio, the Court by which the said Marie E. Davis was appointed as such Administratrix;

NOW THEREFORE, I, Marie E. Davis, as such Administratrix, in consideration of the sum of three thousand two hundred and fifty ($3,250.00) dollars, received to my full satisfaction of Jarvis Ingle, do hereby RELEASE and forever discharge the said Jarvis Ingle from all claims, demands, damages, actions and causes of action whatsoever, and including such as have arisen by reason of or in any manner growing out of the automobile collision occurring in Miami County, Ohio on July 25th, 1941, at the location above described.

IN WITNESS WHEREOF, I have hereunto set my hand, at Greenville, Ohio, this 30 day of January, 1942.

In Presence of:                    **Marie E. Davis**
                                   Marie E. Davis, Administratrix of the Estate of
**T. A. Billingsley**              Harry J. Davis, deceased."

We observe that the release given by plaintiff to Jarvis Ingle did not specifically reserve a right to the plaintiff to sue The Buckeye Light and Power Company.

The legal question raised by the demurrer is as follows:

"What is the effect of a full and complete release given by the party injured to one of two concurrent tort-feasors without expressly reserving to the releasor the right to pursue the other wrong doer?"

The case hangs on the proper construction to be given to the decision of the Supreme Court of Ohio in the case entitled **Adams Express Co. v Beckwith, et al., 100 Oh St 348.** The opinion was by Wanamaker, J. It reversed the prior decision of the Supreme Court in the case of Ellis v Bitzer, 2 Ohio 89. The legal principle announced in the Ellis case had been the unquestioned law of Ohio for almost one hundred years. In substance it held that a settlement with a joint or concurrent tort-feasor released all other tort-feasors regardless of the terms of the settlement. The Adams Express Company case, supra, modified this legal rule so as to permit claimants to settle with a tort-feasor without affecting a right of action against other joint tort-feasors provided that in the settlement a reservation of such right was reserved. The syllabi in the Adams Express Company case reads as follows:

"1. A written release in general and unqualified terms, made and executed upon legal consideration between a party wronged and one or more of the persons charged with the commission of the wrong, is presumed in law to be a release for the benefit of all the wrongdoers.

2. Such written releases, however, are to be construed according to the well-known rules governing the construction of contracts.

3. Where such written releases expressly provide that the release is solely and exclusively for the benefit of the parties thereto, and expressly reserves a right of action as against any other wrongdoer, such reservation is legal and available to the parties thereto.

4. Such written release, whether it be a covenant not to sue, a covenant to cease suing, or a covenant in partial satisfaction, does not inure to the benefit of any other persons than those who are parties to such written release, save and except that it is a satisfaction pro tanto to the party wronged and to that extent works a discharge to all joint wrongdoers. (**Ellis v Bitzer, 2 Ohio 89, disapproved and overruled.**)"

A reading of the entire opinion in this case would be found helpful.

The three tort-feasors referred to in the Adams Express Company case, supra, were joint tort-feasors. In the instant case the tort-feasors could not be classified as joint tort-feasors but were concurrent tort-feasors. This at once presents the question as to whether the rule announced by the Supreme Court in the Adams case supra should be given ap-

plication in the case of concurrent tort-feasors. If we were considering the matter as an original question we would say that a rule of reason would demand that the same rule apply to either joint tort-feasors or concurrent tort-feasors.

In either case there is but one injury in which one or both would be liable for all damages and claimant should not be permitted to recover in excess of his total injuries.

We conclude that the Supreme Court has so held, if not directly, by inference, in the case of **Ohio Bell Telephone v Lung, 129 Oh St 505.** **The Telephone Co. v Harrington, 127 Oh St 1.**

The question is directly referred to in the case of **Wery v Seff, 136 Oh St 307,** as follows:

"When two or more persons under circumstances creating primary accountability, directly produce a single indivisible injury by their concurrent negligence, they are jointly and severally liable even though there is no common duty, common design or concerted action."

Under the allegations in the instant case there would be a complete right of recovery against either with no right of contribution between them. **Royal Indemnity Co. v Becker, 122 Oh St 582.**

We also refer to the case of **Larson v The Railway Company, 142 Oh St 20,**

"Where a person is wrongfully injured at the hands of two or more persons acting in concert, or acting independently but concurrently in causing a single injury, each of the wrong-doers is severally liable to such person for the full amount of the damage occasioned thereby; and the person injured may enforce his claim therefor in an action against all of them jointly, any one of them severally, or any number of them less than the whole."

Also, see the case of **Bellow v City of Cleveland, 106 Oh St 94,** the third syllabus of which reads as follows:

"Where a dangerous condition in one of the highways of a municipality has been caused solely by negligent acts of an abutting property owner, resulting in injury to a person lawfully traversing the highway, and such person first pursues the abutting owner on the ground of negligence, and in settling such claim covenants to abstain from bringing any further

action against him by reason of such injuries, such covenant will preclude any action against or recovery from the municipality thereafter."

The above syllabus refers to two former cases as follows: **Zanesville v Fannan, 53 Oh St 605,** and **Morris v Woodburn, 57 Oh St 330.**

The Court of Appeals in the case of **Peters v Penn. R. R. Co. 41 Oh Ap 105,** announced the same principle.

Counsel for appellant cite numerous cases mostly from the Court of Appeals of Ohio, all of which we have examined with care. Some of the cases answer appellant's argument; others are not in point and still others standing alone might be supporting but for the very clear pronouncement of the Supreme Court of Ohio.

The only question remaining is whether or not the language set forth in the agreement of settlement between plaintiff-appellant and Jarvis Ingle can be construed as reserving to plaintiff a right of action against the present defendant-appellee. There can be no question that there is no express reservation and we are unable to conclude that in the language any right is reserved.

It is our conclusion that the trial court acted correctly in sustaining the demurrer and dismissing the action.

Plaintiff-Appellant's appeal will be dismissed and costs adjuged against the appellant.

HORNBECK, J., concurs.
GEIGER, J., dissents.

GEIGER, J. dissenting:
I regret that I cannot agree with my associates upon the proper determination of this case. I appreciate the fact that the solution hangs upon the proper interpretation of **Express Company v Beckwith, 100 Oh St 348.** One difference that exists between the Beckwith case and the case at bar is in the nature of the contract made for the settlement, there being in the case at bar no reservation of the right to pursue the other joint or concurrent tort-feasors as there was in the Express Company case. The Express Company case decided by Judge Wanamaker is examined and decided with his usual clarity and broad consideration of the principles involved. I cannot refrain from quoting from p. 352:

"A decided case is worth as much as it weighs in reason and righteousness and no more. It is not enough to say,

'Thus saith the Court'. It must prove its right to control in every given situation by the degree to which it supports the right of a party violated and serves the cause of justice as to all parties concerned."

The release signed by the plaintiff appears in full at the bottom of page 2 and the top of page 3 of the majority opinion. The administratrix sought and secured in the Probate Court authority to settle for the claim arising out of the alleged wrongful act of Jarvis Ingle for his participation in the negligent act of Jarvis and the Buckeye Light & Power Company causing the death of the decedent. There is no authority of the Court sought or granted to settle the claim against the Power Company, and I have some doubt as to a right to release the Power Company unless there was a direct authority given by the Probate Court to do so.

The four syllabi of the Express Company case are set out in the opinion of the majority, and it is not necessary to restate them.

Syllabus 1 states that a written release in general and unqualified terms "is **presumed** in law to be a release for the benefit of all wrongdoers". I cannot bring myself to the conclusion that any presumption arises, under the authority granted by the Probate Court, that the release is a release for the benefit of all the wrongdoers. It seems to me rather the other way, that the form of the release as exhibited in the majority opinion gives rise to a presumption that there is no intention to release other than Jarvis.

The second syllabus is to the effect that such releases are to be construed according to rules governing the construction of contracts. If that be true, where do we find any rule in reference to any other contract by which a party not mentioned in the contract is to have the benefit of a contract made with Jarvis alone under authority of the Court?

Syllabus 3 does not relate to the present case for the reason that there was no express reservation of a right to action against the other wrongdoer.

The fourth syllabus is to the effect that in the case under consideration a covenant to cease suing or a covenant in partial satisfaction does not inure to the benefit of any other person than those who are parties save that it is a satisfaction pro tanto. In addition to the statement that the covenant not to sue and the covenant to cease suing do not inure to the

benefit of other than the parties signed, there is the further condition "or a covenant in partial satisfaction".

In the case at bar there is no statement in the contract that it is in partial satisfaction nor that the plaintiff reserves the right to pursue the Light Company. I cannot agree that the failure of the parties operating under authority of the Probate Court to make such reservation gives rise to a **presumption** that the release is for the benefit of all wrongdoers. When the question was brought to the attention of the Court by the demurrer, instead of sustaining the demurrer the Court should have overruled it and permitted the parties to present the evidence, if any existed, either that the release was for Jarvis alone, or on the other hand, a release for Jarvis and the Power Company.

The **Ellis v Bitzer** case, **2 Ohio Rep., 89,** was decided in 1825, and announced the principle upon which many cases were afterwards decided until the decision in the Express Company case in 1919.

In the case of **Larson v Cleveland Railway Company, 142 Oh St, 20,** the second syllabus reads as follows:

"Where a person is wrongfully injured at the hands of two or more persons acting in concert, or acting independently but concurrently in causing a single injury, each of the wrongdoers is severally liable to such person for the full amount of the damage occasioned thereby; and the person injured may enforce his claim therefor in an action against all of them jointly, any of them severally, or any number of them less than the whole."

It seems to me in view of this pronouncement it was error to hold that the contract of settlement with Jarvis is sufficient in law to deprive the administratrix of the rights given her under this second syllabus.

I feel justified in dissenting in the hope that this discussion may lead to a re-examination of the Express Company case and that at least the first syllabus may be modified by a holding that a presumption does not arise that the release is for the benefit of all the wrongdoers, but rather that a release such as is at issue in this case, gives rise to a presumption that there is no release for any one other than the party to the contract, and that the burden is upon the other defendant, the Light Company, to show affirmatively that the release was for **its benefit.**